W. A. STALEY, Appellant, v. BISMARCK BANK, a corporation, I. P. BAKER and CHAS. T. STALEY, Respondents.

(189 N. W. 236)

**Partnership — all partners must join as plaintiffs in action to recover damages to firm from tort.**

Where a tort results in damage to the firm, that is to say where all partners suffer a joint damage, as where a third party converts the property of the partnership, all partners must join as plaintiffs in an action brought to recover damages for such conversion.

Opinion filed July 12, 1922.

Appeal from the District court of Burleigh county, *Nuessle*, J.

Plaintiff appeals from the judgment and from an order denying a new trial.

Affirmed.

Per Curiam opinion.

*O' Hare* and *Cox*, for appellant.

It is a well established principle of law that a mortgagee is liable for a conversion where he takes possession under the mortgage and refuses to sell in accordance with its terms but delays for an unreasonable time after default, and that he is liable to the mortgagor for the difference between the value of the property and the amount of the mortgage debt. Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90; Howry v. Hoover, 66 N. W. 772; Force v. Peterson Mach. Co. reported in 116 N. W. 84.

*Benton Baker*, for respondents.

There is no conversion where the property is sold with the consent of the mortgagor or in accordance with the terms of the mortgage, or if the mortgagee's interest in the property clearly exceeds its value. Nor is it a conversion that mortgaged property is not sold at the place where it is taken into possession nor that it is sold on credit. An act done to preserve and protect the property, in order that it may remain subject to

the lien and which is equally beneficial to those having subordinate rights, and not in antagonism thereto, is not a wrongful conversion. 11 C. J. 590, 591.

In Pitts Agri. Works v. Baker, 11 S. D. 346, 77 N. W. 586, an action in claim and delivery to recover mortgaged property on the ground that the mortgagor became liable for conversion by failure to sell within the statutory period after seizure, it was held that the statute did not deprive the mortgagee of his right of possession, notwithstanding failure to sell within the prescribed period. Peoples Saving Inst. v. Miles, 76 Fed. 252.

It is a defense to an action by the mortgagor against the mortgagee for conversion that the mortgagor had consented to or ratified the acts of the mortgagee. 11 C. J. 595 and note 20.

In an action at law by partners, all must be entitled to recover, or the action cannot be maintained; as the cause of action is joint and not joint and several. Accordingly if one of the partners does an act which bars him from maintaining a suit on the firm claim, it will defeat all. 30 Cyc. 556, note c 71.


PER CURIAM. The plaintiff brought this action to recover damages for the conversion of certain horses which he claims that the defendant bank took into its possession under a chattel mortgage which it held on them and thereafter converted to its own use. In the complaint it is alleged and the evidence shows that the' horses belonged to a copartnership consisting of the plaintiff and the defendants I. P. Baker and Chas. T. Staley; that the defendant bank held a mortgage on these horses executed thereon by the plaintiff. It further appears that the horses did come into the possession of the defendant bank. No damages or other relief was asked against any of the defendants except the defendant bank. The evidence also shows that the defendant Baker is one of the principal officers of the bank. At the close of plaintiff's case and again at the close of all the testimony defendants bank and Baker moved for a directed verdict on the ground that the evidence showed that the horses belonged to a copartnership and that an action for the conversion of the horses must be instituted by and in the name of all the partners, and not merely by and in the name of one of the partners. The motions were denied, and the case submitted to a jury. The jury failed to agree upon a verdict, and the court thereupon directed a verdict in favor of the defendants for a dismissal of the action, judgment was entered, and plaintiff 'has ap-

pealed. In our opinion a verdict was properly directed on the ground that the action was not brought by the real party in interest. The interest of each member to a partneship extends to every portion of its property. Section 6390, C. L. 1913. It is a well-settled rule that an action cannot be maintained in the name of one partner either upon a partnership contract (15 Ency. Pl. & Pr. 854) or for a tort which results in a joint damage to all the partners. 15 Ency. Pl. & Pr. 864. Manifestly a conversion of all of the property belonging to a partnership by some one not a member of the firm constitutes a wrong against all the members of the firm, and results in a joint injury; and where compensation is sought for the injury occasioned, all members of the firm should join as plaintiffs. 15 Ency. Pl. & Pr. 864; 20 R. C. L. 920.

One of the principal contentions of the plaintiff is that he was injured by the action of the defendant Baker in refusing to permit a sale of four carloads of the horses to be made. It is further contended that in so doing Baker was acting as an officer of the defendant bank, and his action that of the bank. No damages are asked against the defendant Baker. As already indicated the action is one in conversion, and is predicated upon the theory that the bank took into its possession certain horses on which it had a chattel mortgage; that it failed to foreclose its mortgage, and converted the horses to its own use. There is no contention that plaintiff is entitled to recover from the defendant Baker on the ground that he failed to discharge the duty which he owed to his partners as a member of the partnership—the sole contention is that the bank, of which he is an officer, converted to its own use all of the property belonging to the partnership. In our opinion an action for conversion may not be maintained by one of the partners under these circumstances, and the motion for nonsuit should have been granted. 20 R. C. L. 920. Hence the judgment appealed from is affirmed, without prejudice, however, to the right of the plaintiff or the members of the copartnership to assert whatever rights of action, if any he or they have, in some other appropriate action or proceeding.

BIRDZELL, C. J., and CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.

GRACE, J., concurs in the result.